IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHERRIE LADD | ) | |
|     Plaintiff | ) | |
| | ) | |
| VS. | ) | Case No. 6:21-cv-03158 |
| | ) | |
| AMERICAN GLASS AND | ) | |
| ALUMINUM, INC. | ) | |
|     Defendant | ) | JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF, by counsel, sets forth her Complaint against Defendant as follows:

1. Plaintiff demands a trial by jury on all matters so triable.

2. The events giving rise to this cause of action occurred in Greene County, Missouri.

3. The amount in controversy exceeds $25,000.00.

4. Plaintiff is a natural person residing in Greene County, Missouri.

5. Defendant is a Missouri Corporation doing business at 2801 N. LeCompte Rd., Springfield, Missouri.

6. Plaintiff was an employee of Defendant in Greene County, Missouri between November 2017 and April 2020 as a factory worker.

7. Defendant terminated Plaintiff's employment on or about April 3, 2020.

8. Defendant's stated reason for terminating Plaintiff's employment was that Plaintiff had allegedly created a COVID-19 safety risk.

9. Defendant did not create a risk to employees of contracting COVID-19.

10. Defendant knew that Plaintiff had not created a risk to employees of contracting COVID-19.

## Count I

11. This Count is brought pursuant to Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act.

12. Plaintiff is female.

13. While Plaintiff was employed by Defendant, Defendant only had a single female restroom available for employees, located in Defendant's office area.

14. Plaintiff was not permitted to use the only female bathroom on Defendant's premises while employed by Defendant.

15. While employed by Defendant, Plaintiff was subjected to severe and pervasive harassment against her based on her sex, including:

    a. Unwelcome comments of a sexual nature by Plaintiff's supervisor.

    b. Unwelcome gestures of a sexual nature by Plaintiff's supervisor.

    c. Unwelcome touching of a sexual nature by Plaintiff's supervisor.

16. Plaintiff complained about the above-stated harassment to Defendant.

17. Defendant refused to put a stop to the aforesaid unwelcome harassment.

18. The above harassment was severe and pervasive enough and caused severe mental and emotional distress to Plaintiff.

19. Defendant terminated Plaintiff's employment in retaliation for complaining about the aforesaid unwelcome harassment.

20. Defendant's actions were willful, wanton, and made with reckless indifference or evil motive.

21. As a result of Defendant's actions Plaintiff has been damaged.

22. On or about June 22, 2020 Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) and Equal Employment Opportunity Commission (EEOC). Said Charge is attached hereto as Exhibit 1 and incorporated herein by reference.

23. The MCHR issued Plaintiff a Notice of Right to Sue on March 30, 2021. A true and accurate copy is attached hereto as Exhibit 2 and incorporated herein by reference.

24. The EEOC issued Plaintiff a Notice of Right to Sue on April 1, 2021. A true and accurate copy is attached hereto as Exhibit 3 and incorporated herein by reference.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, costs, attorney fees, punitive damages, and such other relief as is just and lawful.

## Count II

25. Plaintiff incorporates by reference the above paragraphs.

26. This Count is brought pursuant to the Americans with Disabilities Act and the Missouri Human Rights Act.

27. In or about May 2019 Plaintiff received an injury to her foot while in the course of her employment with Defendant.

28. In or about December 2019 Plaintiff was taken off work by Plaintiff's doctor due to the aforesaid injury and Plaintiff's foot was placed in an orthopedic boot.

29. In February 2020 Plaintiff was cleared to return to work with light duty.

30. Defendant refused to accommodate Plaintiff's need for light duty while recovering from her injury.

31. Plaintiff returned to work on or about March 24, 2020 and was fully able to perform the essential functions of her job with Defendant.

32. Despite Plaintiff's ability to perform the essential functions of her job, Defendant regarded Plaintiff as disabled and unable to perform her job.

33. On or about April 3, 2020 Defendant terminated Plaintiff's employment.

34. Defendant terminated Plaintiff's employment because Defendant erroneously regarded Plaintiff as being disabled.

35. Defendant's actions were willful, wanton, and made with reckless indifference or evil motive.

36. As a result of Defendant's actions Plaintiff has been damaged.

37. On or about June 22, 2020 Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) and Equal Employment Opportunity Commission (EEOC). Said Charge is attached hereto as Exhibit 1 and incorporated herein by reference.

38. The MCHR issued Plaintiff a Notice of Right to Sue on March 30, 2021. A true and accurate copy is attached hereto as Exhibit 2 and incorporated herein by reference.

39. The EEOC issued Plaintiff a Notice of Right to Sue on April 1, 2021. A true and accurate copy is attached hereto as Exhibit 3 and incorporated herein by reference.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, costs, attorney fees, punitive damages, and such other relief as is just and lawful.

## Count III

40. Plaintiff incorporates by reference the above paragraphs.

41. This count is brought pursuant to the Missouri Worker's Compensation Law.

42. Following Plaintiff's work-related injury in December 2019 Plaintiff exercised one or more of her lawful rights under the Missouri Worker's Compensation Law, including:

    a. Seeking medical attention.

    b. Seeking or obtaining legal representation.

    c. Pursuing a claim for compensation under the law.

    d. Requesting light or restricted duty as a result of a work injury.

    e. Taking or obtaining time off work due to an injury.

43. Defendant terminated Plaintiff's employment in retaliation for exercising one or more of the above rights.

44. Defendant's actions were willful, wanton, and made with reckless indifference or evil motive.

45. As a result of Defendant's actions Plaintiff has been damaged.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, costs, attorney fees, punitive damages, and such other relief as is just and lawful.

## Count IV

46. Plaintiff incorporates by reference the above paragraphs.

47. This count is brought pursuant to the Family and Medical Leave Act (FMLA).

48. Plaintiff suffers from migraine headaches for which she seeks medical care.

49. In or about late 2018 Plaintiff requested and obtained intermittent leave under the FMLA.

50. Plaintiff was a qualifying employee and Defendant was a qualified employer

under the FMLA.

51. Defendant terminated Plaintiff's employment in retaliation for requesting and exercising intermittent leave under the FMLA.

52. Defendant terminated Plaintiff's employment in retaliation for exercising one or more of the above rights.

53. Defendant's actions were willful, wanton, and made with reckless indifference or evil motive.

54. As a result of Defendant's actions Plaintiff has been damaged.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, costs, attorney fees, punitive damages, and such other relief as is just and lawful.

LAMPERT LAW OFFICE, LLC

By:/s/ Raymond Lampert
   Raymond Lampert, #57567
   2847 S. Ingram Mill Rd., Ste A-100
   Springfield, MO 65804
   Phone: (417) 886-3330
   Fax: (417) 886-8186
   ray@lampertlaw.net
   *Attorney for Plaintiff*